IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| T.O.P.S. ("THE ORDINARY PEOPLE SOCIETY"), LEROY OATIS, AND ARTHUR L. DOWDWELL, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No.:  4:16-CV-1264-VEH |
| CITY OF GADSDEN and THOMAS ALEXANDER KING (in his official capacity as Municipal Court Judge for the City of Gadsden), ) ) ) ) ) ) | |
| Defendants. ) | |

# MEMORANDUM OPINION

## I.   Introduction and Procedural History

Plaintiffs initiated this § 1983 lawsuit on August 3, 2016, asserting "a continuous and systematic violation of their 1st Amendment rights under the United States Constitution to attend all court proceedings held in the Municipal Court of the City of Gadsden." (Doc. 1 at 1 ¶ 1). Plaintiffs have sued the City of Gadsden and Thomas Alexander King, in his official capacity as a Municipal Court Judge for the City of Gadsden. (Doc. 1 at 1; *id.* ¶ 2).

On August 4, 2016, the court entered an order (Doc. 4) directing Plaintiffs to

show cause about the standing of Plaintiff The Ordinary People Society ("T.O.P.S.") to bring an action against Defendants pursuant to 42 U.S.C. § 1983 for any purported constitutional injuries to it. (*Id.* at 2). The deadline for Plaintiffs to respond to the court's show cause order ran on August 18, 2016. *See id.* (setting deadline for "no later than fourteen (14) days from the entry date" of show cause order). Plaintiffs have not responded.

As explained more fully below, the court concludes that Plaintiff T.O.P.S. is due to be dismissed from Plaintiffs' case without prejudice *sua sponte*.

## II.   Analysis

Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b).

Further, case law reinforces that, as a result of Plaintiffs' failure to indicate an intent on the part of Plaintiff T.O.P.S. that it still wishes to pursue its claims against Defendants (*e.g.*, such as by seeking an extension of time in which to address the standing of Plaintiff T.O.P.S.), the court possesses the inherent power to dismiss that party from their case *sua sponte*. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent

power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89)); *cf. Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and enforce its orders); *cf. also* FED. R. CIV. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, <u>speedy</u>, and inexpensive determination of every action and proceeding.") (emphasis added).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, <u>especially where the litigant has been forewarned</u> [and also is represented by counsel], generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (emphasis added) (citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982)). Here, by virtue of its show cause order, Plaintiffs were put on notice that the court was considering whether to dismiss Plaintiff T.O.P.S.'s claims against Defendants due to the absence of standing and, nonetheless, they (through their counsel) ignored that warning and missed the show cause

deadline. Furthermore, Plaintiffs' counsel had additional notice of the strong likelihood that the court would, indeed, dismiss Plaintiff T.O.P.S. without prejudice given his representation of the plaintiffs in the similar lawsuit of *Thomas, et al. v. King, et al.*, No. 4:15-CV-0315-VEH. *See id.* (Doc. 15) (N.D. Ala. June 29, 2015) (order to show cause regarding Plaintiff T.O.P.S.'s standing). Ultimately, the court dismissed T.O.P.S. from the *Thomas* lawsuit without prejudice for lack of subject matter jurisdiction and/or the failure to prosecute. *Id.* (Docs. 17, 18) (N.D. Ala. July 30, 2015).

Guided by the foregoing legal framework, the court concludes that dismissing Plaintiff T.O.P.S.'s claims against Defendants "without prejudice" (rather than "with prejudice") is the most appropriate measure to take, especially as that type of a dismissal is the only one appropriate for jurisdictionally-driven rulings. *See Stalley ex rel. United States v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." (citing *Crotwell v. Hockman–Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984))); *Stalley*, 524 F.3d at 1232 ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1)." (internal quotation marks omitted) (quoting *Cone Corp. v. Fla. Dep't of*

*Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991))); *see also Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("Dismissal with prejudice for failure to state a claim is a decision on the merits and essentially ends the plaintiff's lawsuit, whereas a dismissal on jurisdictional grounds alone is not on the merits and permits the plaintiff to pursue his claim in the same or in another forum.").[1]

Additionally, such a dismissal is consistent with the express wording of the court's forewarning included in its show cause order. (*See* Doc. 4 at 2 ("Plaintiffs are also **HEREBY ORDERED** to **SHOW CAUSE** . . . why T.O.P.S. should not be dismissed <u>without prejudice</u> as a party plaintiff . . . .")) (emphasis by underlining added).

## III.  Conclusion

Therefore, Plaintiff T.O.P.S.'s claims against Defendants are due to be dismissed without prejudice in light of Plaintiffs' failure to substantiate T.O.P.S.'s standing and, alternatively, on account of Plaintiffs' failure to prosecute that part of their case as provided for under the Federal Rules of Civil Procedure and the express requirements of this court's August 4, 2016, show cause order. The court will enter a separate order of partial dismissal in conformance with this memorandum opinion.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

**DONE** and **ORDERED** this the 24th day of August, 2016.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge