IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| LEROY OATIS, AND ARTHUR L. DOWDELL, ) ) ) Plaintiffs, ) ) v. ) ) CITY OF GADSDEN and THOMAS ) ALEXANDER KING (in his official ) capacity as Municipal Court Judge ) for the City of Gadsden), ) ) Defendants. ) | Case No.: 4:16-CV-1264-VEH |

**MEMORANDUM OPINION**

**I.   Introduction and Procedural History**

Plaintiffs initiated this § 1983 lawsuit on August 3, 2016, asserting "a continuous and systematic violation of their 1st Amendment rights under the United States Constitution to attend all court proceedings held in the Municipal Court of the City of Gadsden." (Doc. 1 at 1 ¶ 1). Plaintiffs have sued the City of Gadsden (the "City") and Thomas Alexander King in his official capacity as a Municipal Court Judge for the City of Gadsden ("Judge King"). (Doc. 1 at 1; *id.* ¶ 2).

On April 4, 2017, Judge King filed a Motion for Judgment on the Pleadings (Doc. 23) (the "Motion"). The 14-day deadline for Plaintiffs to oppose this Motion

ran on April 18, 2017 (Doc. 2 at 23 § B.2), and nothing was filed. For the reasons stated below, the Motion is due to be granted in part and otherwise termed as moot.

## II. Standards

### A. Rule 12(b)(1) Generally

As the Eleventh Circuit has explained the standard on motions to dismiss for lack of subject matter jurisdiction:

> Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms. "Facial attacks" on the complaint "require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953, 101 S. Ct. 358, 66 L. Ed. 2d 217 (1980) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.*
>
> These two forms of attack differ substantially. On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion-the court must consider the allegations of the complaint to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S. Ct. 396, 70 L. Ed. 2d 212 (1981). But when the attack is factual,
>
>> the trial court may proceed as it never could under 12(b)(6) or FED. R. CIV. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no

> presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.
>
> *Id.* at 412-13 (quoting *Mortensen*, 549 F.2d at 891).

*Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (emphasis added); *see also Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) ("The district court consequently has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.").[1]

Here, the jurisdictional attack by Judge King on Plaintiffs' complaint is facial, and the court has accepted all allegations contained in Plaintiffs' complaint as true.

### B. Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). As the Eleventh Circuit has explained the Rule 12(c) standard:

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

> Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. *See Bankers Ins. Co. v. Florida Residential Property and Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998) (citing *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)); *see also* Rule 12(c), FED. R. CIV. P. When we review a judgment on the pleadings, therefore, we accept the facts in the complaint as true and we view them in the light most favorable to the nonmoving party. *See Ortega*, 85 F.3d at 1524 (citing *Swerdloff v. Miami Nat'l Bank*, 584 F.2d 54, 57 (5th Cir. 1978)). The complaint may not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Slagle*, 102 F.3d at 497 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101–02, 2 L. Ed. 2d 80 (1957) & citing *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811, 113 S. Ct. 2891, 2916-17, 125 L. Ed. 2d 612 (1993)).[2]

*Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

Further, "[w]hether the court examine[s] [a pleading] under Rule 12(b)(6) or Rule 12(c), <u>the question [remains] the same: whether the [complaint] stated a claim for relief</u>." *Sampson v. Washington Mut. Bank*, 453 F. App'x 863, 865 n.2 (11th Cir. 2011) (emphasis added) (quoting *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002)); *Sampson*, 453 F. App'x

---

[2] The *Conley* Rule 12(b)(6) pleading standard has since been replaced by the United States Supreme Court with the more demanding *Twiqbal* one that requires a showing of plausibility rather than just merely a possibility with respect to a plaintiff's claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Because of the interrelatedness between Rule 12(b)(6) and Rule 12(c), this means that *Twiqbal*'s plausibility principles apply equally to motions for judgment on the pleadings.

4

at 865 n.2 (applying *Strategic Income* and concluding that court's error in granting a dismissal under Rule 12(c) instead of Rule 12(b)(6) was harmless).

C.     **Plaintiffs' Failure To Oppose**

Plaintiffs' failure to file any opposition does not automatically mean that the Motion is due to be granted. As explained by Judge Steele in *Branch Banking and Trust Co. v. Howard*, No. 12–0175–WS–N, 2013 WL 172903 (S.D. Ala. Jan. 16, 2013):

> As noted, Churchill and Howard elected not to be heard in response to BB & T's Amended Motion to Dismiss. Notwithstanding that omission, BB & T (as Rule 12(b)(6) movant) bears the initial burden of demonstrating that it is entitled to dismissal of the counterclaims. Churchill's and Howard's lack of response to the Rule 12(b)(6) Motion does not trigger the kneejerk granting of such Motion on an abandonment theory. *See Gailes v. Marengo County Sheriff's Dep't*, 2013 WL 81227, *5 (S.D. Ala. Jan. 4, 2013) ("the Court will not treat a claim as abandoned merely because the plaintiff has not defended it in opposition to a motion to dismiss"). Rather, it remains BB & T's burden as movant to establish its entitlement to relief under Rule 12(b)(6). In light of these circumstances, the Court scrutinizes BB & T's Motion to Dismiss in accordance with the following legal standard: "the Court will review the merits of the [movant]'s position and, if it is clearly incorrect or inadequate to satisfy the [movant]'s initial burden, will deny the motion despite the [nonmovant]'s failure to respond. If, however, the [movant]'s presentation is adequate to satisfy its initial burden, the Court will not deny the motion based on arguments the [nonmovant] could have made but by silence elected not to raise." *Id.*

*Branch Banking*, 2013 WL 172903, at *1 (footnotes omitted).

### III. Analysis

Judge King's Motion raises five grounds in support of dismissal:

1. Eleventh Amendment immunity;

2. Absolute judicial immunity;

3. Claims for injunctive relief are barred;

4. Plaintiffs' lack of standing; and

5. Failure to state a claim.

(Doc. 23 at 1). Because the issue of standing goes to the undersigned's ability to proceed with the <u>entire</u> case (as opposed to the cognizable nature of any claims), the court addresses this jurisdictionally-based reason for dismissal first and treats this part of Judge King's Motion as one arising under Rule 12(b)(1) instead of Rule 12(c). *See* FED. R. CIV. P. 12(b)(1) ("[A] party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction."); *Griffin v. Focus Brands Inc.*, No. 16-13485, 2017 WL 1359833, at *2 (11th Cir. Apr. 13, 2017) ("A dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is not a judgment on the merits." (citing *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1188 (11th Cir. 2003))); *see also Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1328 n.4 (11th Cir. 1999) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist

arises."); *Mirage Resorts, Inc. v. Quiet Nacelle Corp.*, 206 F.3d 1398, 1400-01 (11th Cir. 2000) ("[A] federal court has an independent obligation to review its authority to hear a case before it proceeds to the merits." (citing *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 & n. 17, 71 S. Ct. 534, 542 & n. 17, 95 L. Ed. 702 (1951))); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### A. General Principles Governing Standing

"The Constitution limits the exercise of the judicial power to cases and controversies." *Church of Scientology Flag Serv. Org., Inc. v. City of Clearwater*, 777 F.2d 598, 604 (11th Cir. 1985). "The Art. III doctrine that requires a litigant to have 'standing' to invoke the power of a federal court is perhaps the most important of these doctrines [that pertain to the case or controversy requirement]. 'In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" *Allen v. Wright*, 468 U.S. 737, 751, 104 S. Ct. 3315, 3324, 82 L. Ed. 2d 556 (1984) (quoting *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 2205, 45 L. Ed. 2d 343 (1975)), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014). An individual plaintiff has standing under the Constitution's case-or-controversy limitation in Art. III, § 2, where "(1) [the plaintiff] has suffered an 'injury

7

in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. V. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 704, 145 L. Ed. 2d 610 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

The doctrine of standing encompasses "both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Kowalski v. Tesmer*, 543 U.S. 125, 128, 125 S. Ct. 564, 567, 160 L. Ed. 2d 519 (2004) (internal quotation marks omitted) (quoting *Warth*, 422 U.S. at 497, 95 S. Ct. at 2205). "[S]tanding in no way depends on the merits of the plaintiff's contention that particular conduct is illegal[.]" *Warth*, 422 U.S. at 500, 95 S. Ct. at 2206. Standing, instead, is based on whether the plaintiff has "'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth*, 422 U.S. at 498-99, 95 S. Ct. at 2205 (quoting *Baker v. Carr*, 369 U.S. 186, 204, 82 S. Ct. 691, 703, 7 L. Ed. 2d 663 (1962)).

From a prudential standpoint more particularly, "a party 'generally must assert

his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Kowalski*, 543 U.S. at 129, 125 S. Ct. at 567, 160 L. Ed. 2d 519 (2004) (quoting *Warth*, 422 U.S. at 499, 95 S. Ct. at 2205). "This rule assumes that the party with the right has the appropriate incentive to challenge (or not challenge) governmental action and to do so with the necessary zeal and appropriate presentation." *Kowalski*, 543 U.S. at 129, 125 S. Ct. at 567 (citing *Warth*, 422 U.S. at 500, 95 S. Ct. at 2205-06).

### B. Plaintiffs Have Not Carried Their Burden To Show Standing.

Plaintiffs, as the parties invoking this court's subject matter jurisdiction, have the burden to "affirmatively allege facts demonstrating the existence of jurisdiction [including standing]." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). In challenging the caliber of Plaintiffs' standing-related showing, Judge King contends that "they have completely failed to allege an 'actual or imminent injury' that is 'concrete and particularized.'" (Doc. 23 at 11).

Importantly, Plaintiffs have filed neither a brief that brings into question the correctness of Judge King's standing contentions nor a motion that seeks to modify their complaint in a manner that solidifies the presence of standing. Further, having reviewed Plaintiffs' complaint, the court agrees with Judge King that Plaintiffs have failed to allege facts demonstrating the existence of standing.

9

The verified allegations (Doc. 1 at 8-9)[3] attested to by affidavit and specific to each Plaintiff are:

21. On or about July 21, 2016, Plaintiff Leroy Oatis attempted to attend court proceedings at the Municipal Court of Gadsden.

22. Plaintiff Leroy Oatis was denied access to the court proceedings on July 21, 2016.

23. When Plaintiff Leroy Oatis asked security at the Municipal Court of Gadsden why he could not attend the July 21, 216 court proceedings, he was told that Defendant Thomas Alexander King only allows defendants to the proceedings.

24. On or about July 21, 2016, Plaintiff Arthur L. Dowdell attempted to attend court proceedings at the Municipal Court of Gadsden.

25. Plaintiff Arthur L. Dowdell was denied access to the court proceedings on July 21, 2016.

26. Plaintiff Arthur L. Dowdell then stated that the public has a right to attend court proceedings so long as the proceedings are not a juvenile court proceeding.

27. Plaintiff Arthur L. Dowdell was told by a security officer for Municipal Court of Gadsden that Defendant Thomas Alexander King is responsible for the policy of not allowing public access to court proceedings.

(Doc. 1 at 3-4 ¶¶ 22-27).

The foregoing allegations do not adequately establish Plaintiffs' personal stake in the outcome of this action–the court cannot tell why attending the court

---

[3] All page references to Doc. 1 correspond with the court's CM/ECF numbering system.

proceedings held on July 21, 2016, mattered to them. For example, "nowhere have [Plaintiffs] stated the nature of the proceedings being held before the Gadsden Municipal Court on July 21, 2016, . . . nor have they provided the names of anyone specifically involved in those proceedings." (Doc. 23 at 11). Although Plaintiffs' affidavits attached to the complaint reflect that they are both Regional Directors of The Ordinary People Society ("T.O.P.S.") (Doc. 1 at 8 ¶ 3; *id.* at 9 ¶ 3), suggesting to the court that Plaintiffs might have argued the presence of a personal stake through associational standing (if they had filed a brief), T.O.P.S. was dismissed from this action on August 24, 2016, for lack of subject matter jurisdiction and/or Plaintiffs' failure to prosecute. (Docs. 6, 7). Regardless, in the absence of any briefing from Plaintiffs, the court can only speculate as to Plaintiffs' position regarding their personal stake in the outcome of this case. Speculation by the court cannot substitute for allegations by the Plaintiffs.

Also, Plaintiffs have not established an ongoing pattern of claimed unconstitutional conduct by pointing to other past dates in which they were denied access to Judge King's courtroom or any future ones from which they expect to be denied access.[4] While other verified facts refer to unnamed "Citizens" who were not

---

[4] Of course, Plaintiffs' complaining solely about past times in which they were prevented from entering Judge King's courtroom implicates another case-or-controversy inquiry–the doctrine of mootness. "[A] case is moot when the issues presented are no longer 'live' or the

11

able to enter Judge King's courtroom (Doc. 1 at 2 ¶¶ 10, 11), for prudential reasons, Plaintiffs' standing cannot derive from the interests of third parties. *Kowalski*, 543 U.S. at 129, 125 S. Ct. at 567.

The injunctive component of Plaintiffs' complaint similarly fails to meet standing's muster. Plaintiffs seek an injunction "[e]njoining Defendants . . . from henceforth denying public access to court proceedings in the Municipal Court for the City of Gadsden" and "from henceforth requiring persons attending court at the Municipal Court of Gadsden to provide government identification." (Doc. 1 at 6 ¶¶ (a), (b)). Plaintiffs' "theory of *future* injury is too speculative to satisfy <u>the well-established requirement that threatened injury must be 'certainly impending</u>.' *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1143, 185 L. Ed. 2d 264 (2013) (emphasis by underlining added) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990)). Omitted from Plaintiffs' complaint are facts that substantiate an impending Article III injury specifically threatening them with respect to a forthcoming hearing scheduled to be held in Judge King's courtroom. Asserting only a generalized injury to the public because of an anticipated

---

parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S. Ct. 1944, 1951, 23 L. Ed. 2d 491 (1969). "The case must consist of a present, live controversy in order to 'avoid advisory opinions on abstract propositions of law.'" *Church of Scientology*, 777 F.2d at 604 (quoting *Hall v. Beals*, 396 U.S. 45, 48, 90 S. Ct. 200, 201-02, 24 L. Ed. 2d 214 (1969) (per curiam)).

but non-specific denial of access to Judge King's courtroom is just too vague and uncertain–both in terms of the injury and the event–to meet the constitutional and prudential requirements of standing.

Plaintiffs' requested relief seeking to protect "persons" from having to show their personal identification is similarly flawed. Plaintiffs have provided no verified facts which show how <u>they have a personal stake</u> in bringing a claim for injunctive relief pertaining to any court-imposed requirement to show government identification. Plaintiffs also have not demonstrated how the enforcement of that particular screening requirement will cause them an <u>imminent</u> Article III injury in fact.

**IV.  Conclusion**

Therefore, the court concludes that Plaintiffs have failed to meet their burden of showing standing. Accordingly, the Motion is due to be granted on the jurisdictional ground of standing (only) and this complete lawsuit is due to be dismissed without prejudice for lack of subject matter jurisdiction. *See Church of Scientology*, 777 F.2d at 604 n.16 ("Because we do not decide these appeals on the merits, it follows that our direction to the district court must be to dismiss the cases without prejudice."); *see also Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1235 (11th Cir. 2008) (affirming district court's dismissal for lack of jurisdiction but reversing and remanding for entry of dismissal "without

prejudice" rather than "with prejudice" as incorrectly entered originally).

The remainder of the Motion is due to be termed as moot. The court will enter a separate order of dismissal.

**DONE** this 2nd day of May, 2017.

                                              **VIRGINIA EMERSON HOPKINS**
                                              United States District Judge